MICHAEL L. FOGARTY and          )
   DOROTHY E. FOGARTY,          )
                                )
          Plaintiffs,           )
                                )
     vs.                        ) Civil Action No. 08-111
                                )
USA TRUCK, INC., ERIC McCONNELL, )
   MARC T. LEVIN, and           )
   DAVID A. COLECCHIA,          )
                                )
          Defendants.           )

## MEMORANDUM

Pending before the Court are two Motions to Dismiss pursuant
to Federal Rule of Civil Procedure 12(b)(6), the first filed by
Defendant Marc T. Levin (Docket No. 5), the other by Defendants USA
Truck, Inc., and Eric McConnell (Docket No. 10.) For the reasons
discussed below, the Motions are granted in their entirety and
Plaintiffs' claims against those Defendants are dismissed with
prejudice.

We begin by noting that Plaintiffs Michael L. Fogarty and his
wife Dorothy E. Fogarty are representing themselves in this matter.
As *pro se* litigants, their pleadings are to be construed liberally,
"however inartfully pleaded," and held to "less stringent standards
than formal pleadings drafted by lawyers." United States v. Otero,
502 F.3d 331, 334 (3d Cir. 2007), *quoting* Haines v. Kerner, 404
U.S. 519, 520 (1972). Since most of the events and claims in this
matter concern a vehicular accident which involved only Mr.
Fogarty, "Plaintiff" refers only to him.

## I. BACKGROUND

### A. Factual History[1]

In October 1998, Defendant USA Truck, Inc. ("USA Truck" or "USAT") hired Plaintiff Michael Fogarty as an interstate driver. USA Truck is a Delaware corporation with a principal place of business in Van Buren, Arkansas. USA Truck was self-insured, and provided coverage to Plaintiff rather than requiring him to carry his own insurance.

On March 3, 1999, Plaintiff was working in Cambridge, Ohio. Apparently at the direction of Eric McConnell ("McConnell"), the risk manager for USA Truck, he changed trucks or truck trailers with another driver. A dispatcher named Tim told Plaintiff the trailer contained 38,000 pounds of glassware which had to be delivered to New Jersey by 4 p.m. the following day.

When Plaintiff attempted to leave Ohio the next morning, the roads were "dangerously icy," it had been snowing, and there was a winter storm warning covering Plaintiff's route. The dangerous road conditions were exacerbated by the fact that Plaintiff's truck, trailer, and load had a total combined weight of about 60,000 pounds. Plaintiff advised Tim that given the situation, he did not want to leave until conditions had improved, but USA Truck,

---

[1] Unless otherwise noted, the facts in this section are taken from the Complaint. Because the allegations are not numbered as is customary, citations to the Complaint are indicated by page numbers provided by the Court.

through McConnell and Tim, told Plaintiff he would be fired if he did not immediately leave and make the delivery on time. Under protest, Plaintiff left for New Jersey, driving at what he perceived to be a safe speed.

While driving on Interstate 70 through Adams County, Pennsylvania, Plaintiff saw a truck which he first believed to be moving because he saw no brake lights, emergency lights or any other signal. By the time he realized the truck ahead was actually stopped, Plaintiff was unable to avoid hitting that vehicle; the impact was so great the engine of Plaintiff's truck was forced back into the cab. In turn, the truck Plaintiff hit from behind was forced into a vehicle ahead of it driven by a person named Menges.

While Plaintiff was in the hospital recovering from his injuries, USA Truck, again through McConnell, told him by telephone that according to the accident report, Plaintiff had told police at the scene that USA Truck had wrongfully caused him to drive in unsafe conditions, against his better judgment, by threatening to fire him. McConnell told Plaintiff USA Truck was angry about this statement and he should not have talked to the police without first consulting his employer. McConnell also stated on behalf of USA Truck that under the circumstances, Plaintiff "[would] be lucky if . . . USAT does anything for him." (Complaint at 4.) As described by Plaintiff, the acrimonious call created "a substantial, inherent and unavoidable conflict between [himself] and USA Truck for

3

'duressing' [him] to drive" under the conditions. (Id. at 5.)

On April 5, 1999, USA Truck terminated Plaintiff's employment
for failure to return to work, despite the fact that he presented
excuses from two doctors stating he had not yet recovered from
injuries received in the accident. McConnell then told Plaintiff
USA Truck would deny his pending workers' compensation claim.

Sometime thereafter, Menges filed suit against Plaintiff and
USA Truck in the Court of Common Pleas of Adams County,
Pennsylvania ("the Menges Lawsuit.") Despite the conflict between
Plaintiff and USA Truck, including the fact that Plaintiff had been
fired, the corporation hired a Pennsylvania attorney, Marc T.
Levin, Esq. ("Levin"), in approximately December 2000 to represent
both parties. Plaintiff claims, however, USA Truck would not let
Levin "do anything to defend [him] without getting permission" from
his employer. (Complaint at 5.)

Sometime between May and September 2001, Plaintiff hired
another Pennsylvania attorney, David A. Colecchia, Esq.
("Colecchia"), to represent him as a "counter-plaintiff" in the
Menges Lawsuit. On September 12, 2003, Levin withdrew his
representation of both USA Truck and Plaintiff, citing conflict of
interest, a move Plaintiff alleges was a breach of Levin's
fiduciary duty to Plaintiff. On October 20, 2003, without
Plaintiff's knowledge or consent, Colecchia wrote to the judge in
the Menges Lawsuit, admitting Plaintiff was contributorily

4

negligent in causing the accident and that he had, at best, "a marginal case." When he refused to work any longer on Plaintiff's counter-suit, Mr. Fogarty fired Colecchia. USA Truck then hired a third attorney, James McKenna, Esq. ("McKenna"), to represent Plaintiff, but again, would not let McKenna fully defend him without prior approval from the corporation and would not allow him to use deposition and expert testimony which were favorable to Plaintiff. Mr. Fogarty then fired McKenna.[2]

B.    Procedural History

On September 6, 2005, Plaintiff filed a *pro se* action in the Northern District of Texas against the same Defendants as herein. According to Plaintiff, the district court dismissed the claims against Colecchia and McConnell for lack of personal jurisdiction and those against Levin and USA Truck were dismissed for failure to state a claim. The decisions of the district court were subsequently affirmed by the United States Court of Appeals for the Fifth Circuit. *See* Fogarty v. USA Truck, Inc., No. 06-11151, 2007 U.S. App. LEXIS 16527 (5th Cir. July 11, 2007.)

Mr. and Mrs. Fogarty filed a ten-count complaint in this District on January 24, 2008. Briefly stated, Mr. Fogarty's claims consist of:

Count I        Bad faith under 42 Pa. C.S.A § 8371 "and/or

---

[2]    Despite an allegation that Mr. McKenna breached undefined "fiduciary obligations" to Plaintiff (Complaint at 6), he has not been made a party to this suit.

5

other case, or common law" against USA Truck;[3]

Count II    Aiding and abetting breach of fiduciary duty
            (on the part of Levin and McKenna) by USA
            Truck;

Count III   Civil conspiracy by USA Truck and Levin;

Count IV    Retaliatory discharge by USA Truck;

Count V     Breach of fiduciary duty by USA Truck;

Count VI    Breach of the covenant of good faith and fair
            dealing by USA Truck;

Count VII   Breach of fiduciary duty by Levin;

Count VIII  Legal malpractice by Levin; and

Count IX    Legal malpractice by Colecchia.

In Count X, both Mr. and Mrs. Fogarty sue Defendants USA
Truck, Levin, and Colecchia for loss of consortium.

Defendant Levin's motion to dismiss under Fed.R.Civ.P.
12(b)(6) was filed on April 22, 2008, and a joint motion by
Defendants USA Truck and McConnell on May 8, 2008.[4] Following a

---

[3] The parties do not address the question of choice of law.  A
federal court applies the substantive law of the state in which it
sits when considering suits such as this brought on the basis of
diversity of citizenship.  See Jewelcor Inc. v. Karfunkel, 517 F.3d
672, 676 (3d Cir. 2008) (where Pennsylvania law would not permit the
plaintiff to pursue a time-barred claim in a state court, the claim
would be similarly barred in federal court.)  See also Guaranty Trust
Co. v. York, 326 U.S. 99, 109 (1944) ("in all cases where a federal
court is exercising jurisdiction solely because of the diversity of
citizenship of the parties, the outcome of the litigation in the
federal court should be substantially the same, so far as legal rules
determine the outcome of a litigation, as it would be if tried in a
State court"); and Erie v. Tompkins, 304 U.S. 64 (1938).

[4] We note for the record that USA Truck and McConnell have never
been properly served with the complaint and summons in this matter.
However, under Fed.R.Civ.P. 12(h), the defense of insufficiency of

6

motion to extend the time in which to respond to the motions to dismiss, Mr. and Mrs. Fogarty filed three separate replies to the motions. Despite being directed by the Court to address the issues raised by the separate Defendants in their respective briefs, the three replies essentially reiterate the same arguments.

## II.  JURISDICTION AND VENUE

It is unclear if Plaintiff has alleged any basis for jurisdiction other than complete diversity[5] and an amount in controversy greater than $75,000.00. Consequently, we believe this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Venue is appropriate in this district inasmuch as a substantial portion of the events which gave rise to Plaintiff's suit occurred in this district.  28 U.S.C. § 1391(b)(2).

---

service of process is waived if omitted from a motion made under Rule 12. USA Truck and McConnell state in a footnote in their brief in support of the motion to dismiss that they have not been served, but base their motion only on Rule 12(b)(6). We conclude that consequently USA Truck and McConnell have waived that argument. See McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998)("if a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived.")

After being ordered by the Court to show cause why their case should not be dismissed for failure to comply with Rule 4(m), Plaintiffs eventually served Colecchia on June 16, 2008, and Levin on June 23, 2008. By that time, Levin had already filed his motion to dismiss, again waiving an argument based on Rule 12(b)(5). To date, no attorney for Colecchia has entered an appearance and no responsive pleading has been filed.

[5]  McConnell's citizenship is not alleged in the Complaint nor -- to the best of the Court's ability to determine - is it referred to in any other pleadings. However, the parties appear to assume complete diversity exists since no one objects to this Court's jurisdiction.

7

## III. **STANDARD OF REVIEW**

Under Rule 12(b)(6), a defendant moves to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In the wake of Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Third Circuit Court of Appeals has refined the standard by which such motions are to be considered. See Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). In a more recent case, the Court noted that when it had decided Phillips,

[a]lthough the exact parameters of the Twombly decision were not yet known, we read Twombly to mean that "factual allegations must be enough to raise a right to relief above the speculative level. In other words, "stating. . .a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.

See Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315 (3d Cir. 2008), citing Phillips, 515 F.3d at 234, quoting Twombly, 127 S.Ct. at 1965.

"After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Phillips, 515 F.3d at 233, quoting Twombly, 127 S.Ct. at 1969 n. 8. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234, quoting Twombly, 127 S.Ct. at 1965.

However, nothing in Phillips or Twombly has changed other pleading standards for a Rule 12(b)(6) motion to dismiss. That is,

8

<u>Phillips</u> noted the Supreme Court in <u>Twombly</u> did not impose a new heightened pleading requirement, but reaffirmed that Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See* <u>Phillips</u>, 515 F.3d at 231, *citing* <u>Twombly</u>, 127 S.Ct. at 1964. Second, the Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." <u>Phillips</u>, <u>id.</u>, *citing* <u>Twombly</u>, <u>id.</u> at 1964-65 and 1969 n.8. <u>Phillips</u> also noted that while the Supreme Court did not address the previously established rule about drawing all reasonable inferences in favor of the plaintiff when considering a motion to dismiss, it concluded "we do not read [the <u>Twombly</u>] decision to undermine that principle." <u>Id.</u> at 231.

## IV. **LEGAL ANALYSIS**

We note as a threshold matter that it appears Mrs. Fogarty may be conceding that the previous dismissal of USA Truck and Levin was proper and that she does not object to their dismissal at this point. *See* Reply to Defendants' Motion to Dismiss, Docket No. 18, at 7, where Mrs. Fogarty seeks to file an amended complaint

> renaming defendants as employees and officers to be named individually in their own capacity. . .and to exclude the defendants USA Truck, Inc. (the company itself), and Marc T. Levin, since the lower Court had ordered that these

9

defendants' [sic] be dismissed with prejudice.

This statement is consistent with the proposed order attached to her Reply which includes the statement:

> The Plaintiff's [sic] showing a respect and courtesy to the Court hereby must formally acknowledge, recognize and concede the dismissal of both Defendants USA Truck, Inc., and Marc T. Levin too, having both been dismissed with prejudice as was previously ORDERED by the Court.

Docket No. 18, Exhibit I.

Similarly, Mr. Fogarty implies he is conceding USA Truck and Levin should be dismissed from this litigation. *See* Reply to Defendants' Motion to Dismiss, Docket No. 19, at 3, where he seeks leave to amend the Complaint herein, "dismissing both USA Truck, Inc. and Marc T. Levin as having been previously ordered with prejudice, because of my failure to state a claim against them." Plaintiff does not supplement his Reply with a proposed order.

Mrs. Fogarty cannot act for her husband in this matter. *See* Schneller v. Crozer Chester Med. Ctr., No. 07-2268, 2008 U.S. App. LEXIS 8770, *2, n.1 (3d Cir. Apr. 23, 2008) (a plaintiff is entitled to represent himself *pro se*, but "may not appear *pro se* in the cause of another person or entity"), *quoting* Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).) Because it is unclear what Mr. Fogarty was attempting to convey in the statement quoted above, and because we conclude Defendants USA Truck, McConnell, and Levin make valid arguments as to why the claims against them should be dismissed, we do not rely on these statements by Mr. and Mrs.

10

Fogarty as the basis for dismissal and will consider the two motions on the merits.

A. Motion to Dismiss by Levin

As noted above, Plaintiff's claims against Levin include civil conspiracy with USA Truck, breach of fiduciary duty, and legal malpractice. Together with Mrs. Fogarty, he claims loss of consortium. Levin raises four arguments in support of his motion to dismiss:

(1) Plaintiff has failed to comply with the Federal Rules of Civil Procedure which he is required to do despite his *pro se* status;

(2) The statute of limitations bars all of Plaintiff's causes of action;

(3) The doctrine of res judicata bars Plaintiff's claims; and

(4) The Complaint otherwise fails to state legally cognizable claims.

(Memorandum of Law in Support of Defendant Marc T. Levin's Motion to Dismiss under Rule 12(b)(6), Docket No. 5, "Levin Memo.")

Because we agree claim preclusion[6] bars all the claims against Levin, we need not consider his other arguments.

In support of his argument that all claims against him are barred by claim preclusion, Levin refers to court rulings in the litigation initiated by Plaintiff in the Northern District of Texas ("the Texas Litigation.") In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint,

---

[6] Claim preclusion is the preferred term for res judicata in this Circuit. *See* Rider v. Pennsylvania, 850 F.2d 982, 989 (3d Cir. 1988).

11

exhibits attached to the complaint and matters of public record."
Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192,
1196 (3d Cir. 1993). Motions, briefs and opinions filed in related
litigation constitute public records. Kuznetsov v. Nat'l City
Bank, CA No. 06-551, 2007 U.S. Dist. LEXIS 2953, *4, n.2 (W.D. Pa.
Jan. 16, 2007) (Ambrose, C.J.), *citing* Buck v. Hampton Twp. Sch.
Dist., 452 F.3d 256, 260 (3d Cir. 2006); *see also* Oneida Motor
Freight, Inc., v. United Jersey Bank, 848 F.2d 414, 416, n.3 (3d
Cir.), *cert. denied*, 488 U.S. 967 (1988) (a court may take judicial
notice of the record from a previous court proceeding between the
parties.)   The opinions issued in the Texas Litigation include:

- A magistrate judge's findings and conclusions provided to
  the district court judge on January 6, 2006, recommending
  that the legal malpractice and "insurance bad faith"
  claims against Levin be dismissed with prejudice.   *See*
  Fogarty v. USA Truck, CA No. 05-1783, 2006 U.S. Dist.
  LEXIS 1475 (N.D. Tex. Jan. 4, 2006);

- An opinion by the district court adopting the magistrate
  judge's report; the district court also concluded that
  none of Plaintiff's objections to the magistrate judge's
  report were persuasive. *See* Fogarty v. USA Truck, CA No.
  05-1783, 2006 U.S. Dist. LEXIS 25043 (N.D. Tex. May 2,
  2006); and

- The opinion of the United States Court of Appeals for the
  Fifth Circuit affirming dismissal of Plaintiff's claims
  against Levin.   *See* Fogarty v. USA Truck, No. 06-11151,
  2007 U.S. App. LEXIS 16527 (5th Cir. July 11, 2007).

Claim preclusion is intended to avoid "piecemeal litigation"
of the various legal claims arising from the same underlying
events.   GE v. Deutz AG, 270 F.3d 144, 157-158 (3d Cir. 2001).   In
order to provide certainty to final judgments and to the entire

12

legal system, this doctrine applies even if the prior decision was incorrectly decided. *See* Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Inofast Mfg. v. Bardsley, 103 F. Supp.2d 847, 849 (E.D. Pa. 2000). The affirmative defense of claim preclusion may be properly raised in a motion to dismiss. GE, 270 F.3d at 158. To successfully argue that claim preclusion bars reconsideration of the issue in question, the defendant must establish (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privities and (3) a subsequent suit based on the same cause of action. Corestates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (internal quotation omitted.)

There is no question that this litigation involves the same parties – USA Truck, McConnell, Levin, Colecchia, Michael Fogarty, and Dorothy Fogarty – and that it is based on the same cause of action as in the Texas Litigation. The magistrate judge in Texas recommended Plaintiff's legal malpractice and insurance bad faith claims be dismissed with prejudice. *See* 2006 U.S. Dist. LEXIS 1475 at *16-*17 (applying Pennsylvania law and rules of professional conduct to the legal malpractice claim), and *18-*19 (applying Pennsylvania law to the insurance bad faith claim.) The district court subsequently adopted these findings and conclusions. *See* 2006 U.S. Dist. LEXIS 25043 at *1, accepting the findings and conclusions of the magistrate judge as those of the district court.

A dismissal with prejudice is considered to be a final judgment on the merits in favor of the dismissed party.   InterDigital Technology Corp. v. OKI Am., Inc., 866 F.Supp. 212, 213 (E.D. Pa. 1994); Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial.")

In response to Levin's claim preclusion argument, Plaintiff first seems to argue that although he initially filed his lawsuit in the wrong "venue," the Texas court erred by dismissing his claims with prejudice since Fed.R.Civ.P. 12(b)(3) provides for dismissal without prejudice in such circumstances. (Reply to . . . Motion of Defendants, USA Truck, Inc. and Eric McConnell, to Dismiss Pursuant to Rule Federal Rule of Civil Procedure 12(b)(6), Docket No. 20, "Plfs.' Reply" at 2.)[7]   Plaintiff further argues that the prior decision does not prevent him from refiling the legal action in a proper venue. He continues,

> since venue was the only problem, [n]othing prevents the Plaintiffs Fogarty's [sic] from refilling [sic].   Since the Plaintiffs Fogarty's [sic] case was not dismissed on the merits.   This may prohibit res judicatta [sic] as the case was not challenged on the merits, because of this fact:   "A claim must be judged on the merits for a res judicatta claim," by this Plaintiff's Fogarty's [sic] claim is eligible for a do-over as this is the case.

---

[7] Although ostensibly directed at the motion to dismiss by USA Truck and McConnell, this is the only pleading of the three filed by Mr. or Mrs. Fogarty in response to the motions to dismiss which addresses Levin's claim preclusion argument or, in fact, refers to Levin in any detail.

14

(Plfs.' Reply at 2-3.)

Plaintiff is correct in his statement that claim preclusion applies only in those cases where there has been a dismissal on the merits. However, interpreting the above statement as an argument that dismissal in the Texas Litigation was based on venue rather than the merits, we conclude Plaintiff is simply mistaken in his analysis. As noted by the Fifth Circuit where Plaintiff had apparently attempted to make the same argument, the basis for Levin's motion to dismiss was not lack of personal jurisdiction or improper venue (as provided under Fed.R.Civ.P. 12(b)(2) and (3), respectively), but rather failure to state a claim upon which relief can be granted. *See* 2007 U.S. App. LEXIS 16527 at *5 ("Fogarty cannot simply bootstrap his jurisdiction and venue arguments against Levin when only a Rule 12(b)(6) dismissal is at issue.") We conclude Plaintiff's legal malpractice claim, Count VIII herein, was dismissed on the merits in the Texas Litigation and cannot be re-pled in this case.

As to Plaintiff's claims other claims against Levin, to state a claim for breach of fiduciary duty under Pennsylvania law, the plaintiff must allege that a confidential relationship existed between himself and the defendant and:

(1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff in all matters for which he or she was employed;

(2) that the plaintiff suffered injury; and

15

(3) the defendant's failure to act solely for the plaintiff's benefit was a real factor bringing about plaintiff's injuries.

Fox Int'l Rels. v. Fiserv Secs., Inc., 490 F. Supp.2d 590, 615 (E.D. Pa. 2007) (internal quotation omitted.)

To state a claim for civil conspiracy, the plaintiff must allege:

(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose;

(2) an overt act done in pursuance of the common purpose; and

(3) actual legal damage.

Kline v. Sec. Guards, Inc., 386 F.3d 246, 262 (3d Cir. 2004) (internal quotation omitted.)

This Court has carefully compared the allegations made against Levin in the Complaint now under consideration and the complaint filed in the Texas Litigation. (*See* Levin Memo, Exhibit B, "Texas Complaint.") Plaintiff made the following statements as part of the complaint in the Texas Litigation which the Court finds relevant to the civil conspiracy and breach of fiduciary duty claims now being asserted:

- Levin and USA Truck "are denying me. . .the appropriate legal counsel I need, and they are willfully and maliciously denying the liability in this truck accident." (Texas Complaint at 3.)

- "Mr. Levin. . .owed me a duty of ordinary care in the handling of my legal matter." (Id. at 21.)

- In a letter to Levin dated September 2, 2005, Plaintiff stated:

16

"I am claiming damages against you in the
fact you failed your client (me). . .because
you knew the TRUTH in the liability of this
truck accident. . .and USA Truck was not
willing to except [sic] or acknowledge this
new evidence. . .that finally cleared me of
this liability and negligence in this truck
accident!   You quit because USA Truck was
paying you!

"You and Mr. Eric McConnell of USA Truck
both knew this and both of you collaborated
against me as USA Truck would owe me big time
if this TRUTH was found out!. . .You were
defending USA Truck's interests and not mine
as your withdrawal as our counsel actually
helped USA Truck and hurt me!"
(Texas Complaint at 22.)

- Levin "took the liberty to quit leaving me out in the
cold to fend for myself."  (Id. at 25.)

These statements are consistent with Plaintiff's conspiracy
allegations in the present Complaint that USA Truck and Levin "made
a contract to simultaneously represent" both Mr. Fogarty and USA
Truck in the Menges Lawsuit, doing so "with the intent to deprive
the plaintiff Michael Fogarty of a proper defense in the accident
and because of the defendants' civil conspiracy the plaintiff
sustained the above damages."   (Complaint, Count III, at 9-10.)
They are also consistent with his allegations of breach of
fiduciary duty.   (Id., Count VII, at 12.)   The Court has been
unable to identify in the Complaint any events other than those
connected with the accident and the Menges Lawsuit which would
establish an alternative basis for these two claims.   Thus, it is
evident from the face of the Complaint that Plaintiff's claims of

17

civil conspiracy and breach of fiduciary duty not only arose from the same facts and circumstances which were considered in the Texas Litigation, but that those claims - had Plaintiff asserted them - could have been considered by the Texas courts.[8] Claim preclusion "applies both to claims actually raised in the prior action and claims which could have been raised but were not." Gonzalez Cifuentes v. INS, No. 04-2572, 2007 U.S. App. LEXIS 26022, *6 (3d Cir. Nov. 7, 2007), *citing* CoreStates Bank, N.A., *supra*.

Turning to Count X in which both Mr. and Mrs. Fogarty bring claims for loss of consortium against Levin, we conclude that claim must also fail even if it were not already barred as a matter of law. Under Pennsylvania law, Mr. Fogarty -- the person who claims to have been directly injured physically, emotionally, and financially by Defendants' actions - cannot state a claim for loss of consortium. "In a claim for loss of consortium, the losses alleged are personal to the *uninjured* spouse and arise from the deprivation of the injured spouse's society and services." Darr Constr. Co. v. Workmen's Comp. Appeal Bd., 715 A.2d 1075, 1079-1080 (Pa. 1998) (emphasis added.) Mrs. Fogarty's claim against Levin

---

[8] As the Fifth Circuit Court of Appeals noted, "it is difficult precisely to ascertain the nature of the allegations Fogarty raised in his original complaint" because the Texas Complaint does not set forth "counts" as generally adopted in complaints prepared by professional attorneys. The Court of Appeals concluded Plaintiff's allegations "ostensibly include[d]" . . . legal malpractice and 'insurance bad faith' against attorney Levin; and . . . wrongful termination, negligence *per se*, and 'insurance bad faith' against USA Truck and McConnell." *See* 2007 U.S. App. LEXIS 16527 at *2-*3.

for loss of consortium is "purely derivative" of Mr. Fogarty's other tort claims. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 318, n.3 (3d Cir. 2007), *citing* Nigra v. Walsh, 797 A.2d 353, 355, n.1 (Pa. Super. Ct. 2002), and Scattaregia v. Wu, 495 A.2d 552, 554 (Pa. Super. Ct. 1985). Because Plaintiff's claims against Levin have been dismissed, Mrs. Fogarty's claim again him for loss of consortium must also fail. *See* Scattaregia, id. ("a loss of consortium action. . .in this Commonwealth has always been dependent upon the injured spouse's right to recover.")

In summary, Plaintiff's claims against Levin in Counts III, VII, and VIII are barred by claim preclusion. His claim for loss of consortium in Count X is denied inasmuch as it fails to state a claim as a matter of law; Mrs. Fogarty's loss of consortium claim is dismissed as a matter of law in light of the dismissal of all her husband's claims against Levin.

B. Motion to Dismiss by USA Truck and McConnell

In their memorandum of law in support of their motion to dismiss (Docket No. 11), USA Truck and McConnell raise essentially the same arguments as in the Levin Memo.

By way of further background, this Court has taken judicial notice of the magistrate judge's findings and conclusions with regard to a motion to dismiss filed by the same two Defendants in the Texas Litigation. *See* Fogarty v. USA Truck, CA No. 05-1783, 2005 U.S. Dist. LEXIS 42123 (N.D. Tex. Dec. 16, 2005). In that

19

opinion, the magistrate judge concluded the Texas court did not have either general or specific personal jurisdiction over McConnell, and recommended his motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) be granted. Id. at *7-*17. The magistrate judge also concluded (1) Plaintiff's service of process upon USA Truck was insufficient and recommended Plaintiff be directed to effectuate proper service; (2) the motion to dismiss by USA Truck be denied without prejudice; and (3) the motion to dismiss be re-filed after service had been made. Id., *17-*21.

None of the litigants here has explained to this Court what ensued, but according to the online electronic docket available in the Texas Litigation through www.lexis.com, USA Truck filed a supplemental motion to dismiss on May 25, 2006, and the magistrate judge subsequently recommended Plaintiff's claims against USA Truck be dismissed with prejudice on June 29, 2006. (Texas Litigation Docket Nos. 71 and 74.) This recommendation was accepted by the district court on September 13, 2006, and the court entered final judgment against Plaintiff on his claims against USA Truck on September 13, 2006. (Id., Docket Nos. 98 and 99.) In the opinion of the Fifth Circuit Court of Appeals, the Court concluded the district court did not err in adopting the magistrate's reports. See Fogarty, 2007 U.S. App. LEXIS 16527 at *6.

1. *Motion to Dismiss as it Pertains to USA Truck:* On appeal, the Fifth Circuit indicated that Plaintiff's claims against

USA Truck, specifically, wrongful termination, negligence *per se*, and "insurance bad faith," had been dismissed by the lower court for failure to state a claim. <u>Fogarty</u>, 2007 U.S. App. LEXIS 16527 at *2-*3. On appeal, Plaintiff failed to brief his negligence *per se* and wrongful termination claims, therefore, under Fifth Circuit precedent and the Circuit's rules of appellate procedure, those claims were waived. <u>Id.</u> at *5-*6, *citing* <u>Man Roland, Inc., v. Kreitz Motor Express, Inc.</u>, 438 F.3d 476, 481, n.7 (5th Cir. 2006), and Fed.R.App.P. 28(a)(9)(A); *see also* <u>United States v. Gonzalez</u>, No. 06-3599, 2007 U.S. App. LEXIS 18214, *13, n.5 (3d Cir. July 31, 2007), *citing* <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 182 (3d Cir. 1993) (same.) The Court of Appeals affirmed the district court's dismissal of the bad faith insurance claim, reasoning that even if one were to assume a duty on the part of USA Truck to provide Mr. Fogarty with legal representation in the Menges Lawsuit, the record showed Defendant had initially provided such services through Levin. <u>Fogarty</u>, <u>id.</u>

We conclude, therefore, that claim preclusion directly bars Plaintiff's claims herein against USA Truck stated in Count I, bad faith under 42 Pa.C.S. § 8371. Second, Count IV, "retaliatory discharge," is based on Plaintiff's allegations that USA Truck fired him because Plaintiff spoke to the police investigating the accident in Pennsylvania without prior approval and because he applied for workers' compensation. A comparison of the Complaint

21

herein and the Texas Complaint shows the Texas court appears to have interpreted the same allegations as a claim for wrongful discharge. That claim was dismissed with prejudice in the Texas Litigation and is also barred herein.

Having further compared the two complaints, we conclude Plaintiff's other claims against USA Truck are also barred because they could have been brought in the Texas Litigation; that is, as discussed above, none of the claims in the Complaint herein arises from any facts and circumstances other than those alleged in the Texas Litigation. Plaintiff's claims in Counts I through VI of the Complaint, insofar as they apply to Defendant USA Truck, are dismissed with prejudice. The claims for loss of consortium in Count X are dismissed with prejudice for the reasons discussed in the previous section.

2. *Motion to Dismiss as it Pertains to McConnell:* None of the ten counts of Plaintiff's Complaint explicitly pursues any type of civil claim against Defendant McConnell. There are numerous references to McConnell in the background section of the Complaint, and while Counts I through VI state various claims and demands for damages against McConnell's employer, USA Truck, there are none against McConnell. Instead, the only allegations against McConnell are stated in terms of his position as an employee of USA Truck. For instance, in Count I, Plaintiff alleges that

- "Defendant USAT retained counsel for plaintiff, through its employee risk manager McConnell and/or through its

22

other employees,[9] to allegedly [defend] the plaintiff Michael Fogarty in the Menges case. . . .

- "Defendant USAT, through its risk manager McConnell and its other employees acted in bad faith. . .in that Defendant USAT, through McConnell, told the plaintiff Michael Fogarty that it was not USAT's responsibility to protect the plaintiff's interests. . . .

- "Defendant USAT, through McConnell and/or other employees, directed the legal strategy (to be followed by each attorney. . .appointed to allegedly defend plaintiff) of plaintiff's defense in a manner that was adverse to plaintiff's interests. . . .[and]

- "Defendant USAT acted in bad faith with a desire, through McConnell and others, and/or a substantial certainty, and/or a reckless disregard to cause further damage to Plaintiff Michael Fogarty. . . ."

(Complaint at 8-9. )

It is hornbook law that a corporation "is a legal entity which can act only through its agents and employees." In re American Biomaterials Corp., 954 F.2d 919, 923 (3d Cir. 1992). A careful review of each reference to McConnell in the Complaint, both in the background section and the individual counts, discloses no instance where McConnell is alleged to have acted in any capacity other than as the employee or agent of USA Truck. (See, e.g., Complaint at 4-5, Counts I, II, and IV.) Plaintiff even describes McConnell as "being an employee of USAT working in the course and scope of his employer [sic]." (Complaint at 1.) It follows, therefore, that if

---

[9] Although Plaintiff repeatedly refers to USA Truck acting through "other employees," the only other employee the Court has been able to identify as taking any action is the dispatcher Tim with whom Plaintiff communicated about his reluctance to leave Cambridge on the morning of March 4, 1999, and who advised Plaintiff he would be fired if he did not do so. (See, e.g., Complaint at 2 and 3.)

the claims against USA Truck have been dismissed on the merits or are otherwise barred by claim preclusion, no claim can proceed against the corporation's employee acting within the scope of his employment. To do so would imply that the employee could be held liable for such acts even if the employer may not, a sort of "*respondeat inferior*" which does not exist. *See* Restatement (Third), Agency § 7.01, comment d: "An agent is not subject to liability for torts committed by the agent's principal that do not implicate the agent's own conduct; there is no principal of '*respondeat inferior*.'" *See also* <u>Davis v. Hoffman</u>, 972 F.Supp. 308, 314 (E.D. Pa. 1997) (nurse-employee of doctor who allegedly performed surgery without informed consent could not be liable for his intentional tort under some sort of doctrine of *respondeat inferior*.) Plaintiff has stated no claims against McConnell based on actions taken outside the scope of his employment. Therefore, we conclude that to the extent Plaintiff has attempted to state a claim against McConnell, the fact that Plaintiff's claims against USA Truck have been precluded also bars the claims against McConnell.

## C. Other Matters

In her response to the motions to dismiss, Mrs. Fogarty seems to imply that she and her husband wish to file an amended complaint naming Robert Powell, the former president, chief executive officer, and chairman of the board of USA Truck. (Docket

24

No. 18 at 2-4.) She claims Powell's liability was "implied" in the Texas Complaint although she concedes he was not named as a defendant. (<u>Id.</u> at 3.) She provides a proposed order, seeking fifteen days in which to file an amended complaint against Powell, McConnell, and Colecchia. (Docket No. 18, Exhibit I.) Plaintiff similarly argues that "there is some kind of criminal negligence and conspiracy" involving "other employees and officers at USA Truck," but does not identify who those individuals might be. (Docket No. 19 at 4.)

To the extent these statements are interpreted as a motion to amend the Complaint to add additional Defendants or a claim of criminal negligence, that motion is denied as futile. *See* <u>Phillips</u>, 515 F.3d at 236 ("if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.") The events giving rise to this litigation occurred between March 1999 and May 2004 when Plaintiff fired the last of his three attorneys (McKenna) or, alternatively, not later than December 15, 2005, when the Menges Lawsuit was settled. (*See* Levin Memo, Exhibit H.) Pennsylvania observes the occurrence rule under which "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." <u>Fine v. Checcio</u>, 870 A.2d 850, 857 (Pa. 2005). The Pennsylvania statute of limitations for claims which sound in tort is two years. *See* <u>Haugh v. Allstate</u>

<u>Ins. Co.</u>, 322 F.3d 227, 236 (3d Cir. 2003), *citing* 42 Pa. Cons. Stat. Ann. § 5524. Even if Plaintiff were – hypothetically – to claim breach of contract in connection with his employment termination in April 1999, the statute of limitations for such a claim under Pennsylvania law is four or six years. *See* <u>Igbonwa v. Cameron</u>, CA No. 03-5407, 2004 U.S. Dist. LEXIS 2128, *5-*6, n.1 (E.D. Pa. Feb. 2, 2004) (breach of an oral contract is subject to a four-year statue of limitations and a written contract to a six-year statute of limitations under 42 Pa. Cons. Stat. Ann. §§ 5525 and 5527, respectively.) Thus, any new claims in either tort or contract would be barred as untimely.

Finally, Mrs. Fogarty also states that "since the Defendants have now gotten rather aggressive in their legal actions[,] seeking sanctions now against us, seems to be their top priority!" (Docket No. 18 at 6.) For the record, we note none of the Defendants has filed a motion for sanctions in this Court.

In sum, the claims in Plaintiff's Complaint against Defendants Levin, USA Truck, and McConnell are dismissed with prejudice, being barred by claim preclusion. Mrs. Fogarty's proposed order in which she seeks to amend the Complaint is denied as futile.

An appropriate Order follows.

William L. Standish
William L. Standish
United States District Judge

Date: June 30, 2008

26

cc:  Michael Fogarty
     1005 Morrison Dr.
     Mesquite, TX 75150

     Dorothy Fogarty
     1005 Morrison Dr.
     Mesquite, TX 75150

     James F. Ryan, Esq.
     Schwabenland & Ryan
     995 Old Eagle School Road
     Suite 306
     Wayne, PA 19087

     Eric M. Jaegers, Esq.
     Gordon & Rees LLP
     2100 Ross Avenue
     Suite 2800
     Dallas, TX 75201

     David A. Colecchia, Esq.
     542 Hamel Avenue
     Greensburg, PA    15601