```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL L. FOGARTY and          )
  DOROTHY E. FOGARTY,           )
                                )
           Plaintiffs,          )
                                )
      vs.                       ) Civil Action No. 08-111
                                )
USA TRUCK, INC., ERIC McCONNELL,)
  MARC T. LEVIN, and            )
  DAVID A. COLECCHIA,           )
                                )
           Defendants.          )
```

### MEMORANDUM OPINION

The facts of this case are set forth in detail in the Memorandum Opinion and Order of Court entered on June 30, 2008, and will not be reiterated here. See Fogarty v. USA Truck, Inc., CA No. 08-111, 2008 U.S. Dist. LEXIS 50270 (W.D. Pa. June 30, 2008). In that Opinion, the Court dismissed with prejudice all claims against Defendants USA Truck, Inc. ("USA Truck"), Eric McConnell ("McConnell"), and Marc T. Levin ("Levin") because the claims were either barred by claim preclusion or because Michael L. Fogarty and Dorothy E. Fogarty (collectively, "Plaintiffs") had failed to state a claim as a matter of law. We further held that to the extent Plaintiffs sought to file an amended complaint in this matter, such a filing would be futile.

Now pending before the Court are three motions filed by Plaintiffs, the first entitled "Motion to Change the Certificate of Service Requirement from Dallas Texas to the Proper Venue of the Western District of Pennsylvania" (Docket No. 26); the second,

"Motion to Answer Order" (Docket No. 27, "Answer Mot."); and the third, "Motion to Answer to the Memorandum" (Docket No. 28, "Answer Memo. Mot.")

As is appropriate with pleadings filed by *pro se* litigants, the Court has construed these motions liberally (see Haines v. Kerner, 404 U.S. 519, 520 (1972)) and, based on the content thereof rather than any reference by Plaintiffs to the Federal Rules of Civil Procedure, has concluded Docket Nos. 27 and 28 should be considered as motions to alter or amend the judgment under Fed.R.Civ.P. 59 or for relief from judgment or order under Rule 60. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (where litigants are proceeding *pro se*, the court should apply the applicable law despite their failure to identify it by name.)

Having considered the three pending motions, Docket Nos. 26 and 27 are denied in their entirety; Docket No. 28 is granted in part and denied in part for the reasons which follow.

## I. STANDARD OF REVIEW

A motion to amend or alter a judgment pursuant to Federal Rule of Civil Procedure Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). A court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available

2

when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Federal Rule of Civil Procedure 59(e) requires that the objecting litigant file his motion within ten days after entry of judgment. In this case, the Order dismissing USA Truck, McConnell, and Levin was filed on June 30, 2008. Under Fed.R.Civ.P. 6(a), where an action is to be taken in ten days or less, Saturdays, Sundays, and legally recognized holidays are not to be included when calculating the elapsed time. Applying this rule to the facts herein, that is, eliminating July 4, 5, 6, 12, and 13 from the calculation, in order to be considered under Rule 59, Plaintiffs' motion had to have been filed no later than July 15, 2008. Therefore, we need not consider Rule 59 inasmuch all three pending motions were filed untimely on July 21, 2008.

Federal Rule of Civil Procedure 60, however, provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

3

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Unlike Rule 59, a motion under Rule 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). We conclude, therefore, that the Court may consider the pending motions under Rule 60(b), in particular, under the "catch-all provision" of Rule 60(b)(6). *See* Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (when a motion is "filed outside of the ten days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion.")

Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (internal quotation omitted); *see also* Parker v. Univ. of Pa., No. 07-1648, 2007 U.S. App. LEXIS 21855, *4 (3d Cir. Sept. 11, 2007), *citing* Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977). The United States Court of Appeals for the Third Circuit has imposed a "duty of explanation" on district courts

4

evaluating motions pursuant to Rule 60(b). *See* <u>Eun Hee Choi v. Kim</u>, No. 06-1993, 2007 U.S. App. LEXIS 28937, * 8 (3d Cir. Dec. 14, 2007), *citing* <u>In re Cendant Corp. PRIDES Litig.</u>, 235 F.3d 176, 182 (3d Cir. 2000).

## II. ANALYSIS

### A. Motion to Answer Order

We begin with Docket No. 27 because it is the only one of the three motions to clearly identify the grounds on which it is based. Plaintiffs *"respectfully request reconsideration"* of the Order dismissing their Complaint as it applies to Defendants USA Truck, McConnell, and Levin (collectively, "Defendants.")[1] The basis of that reconsideration is purported to be the *"PLAIN ERROR"* of the Court, *"the horror and absolute circumstance"* which would result if the Order dismissing those claims were allowed to stand, and the fact that *"fighting injustice is the paramount concern of the Plaintiffs."* Construing this language liberally, we believe Plaintiffs are attempting to argue that the Court erred in dismissing the claims against Defendants and that manifest injustice will consequently result.

Plaintiffs do not advance any arguments based on the first five subsections of Rule 60(b). Although this Rule is inappropriately invoked when alleging legal error, we address

---

[1] All text in quotation marks and italicized is taken verbatim from the motions cited.

Plaintiffs' claims in light of their *pro se* status and the requirement noted above that we explain our reasoning when denying a motion to reconsider a previous order. See Martinez-McBean, 562 F.2d at 911 ("it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal.")

Plaintiffs first argue that the Court erred by denying as futile their putative motion to file an amended complaint. (Answer Mot. at 1.) As addressed at length in the June 30 Memorandum Opinion, we concluded such a motion would be futile because claims arising in either tort or contract would be barred by the respective statutes of limitations set forth in Pennsylvania law or because they would be barred by claim preclusion as a result of the Texas Litigation. See Fogarty, 2008 U.S. Dist. LEXIS 50270 at *30-*32. Plaintiffs do not cite controlling Third Circuit or Pennsylvania law which would compel the Court to reconsider this conclusion.

Second, they argue that the order dismissing the claims against the three Defendants was "*PLAIN ERROR*" because the "*case law referenced are not those of typical cases pro se' litigants.*" To the extent Plaintiffs are arguing that this Court erred by citing case law based on litigation in which the plaintiffs were represented by legal counsel rather than acting *pro se*, we know of no jurisprudence which requires a court to make such a distinction.

6

Finally, as to Plaintiffs' argument that "*horror*" and injustice would result if the June 30, 2008 Order were allowed to stand, when claiming that a prior order must be amended or altered in order to correct a manifest injustice, the party must persuade the court that not only was its previous decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998); McCloud v. City of Sunbury, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006).

We conclude no grave injustice would result if Plaintiffs' claims against Defendants are dismissed. Plaintiffs have made no such showing in their Motion to Answer Order. This matter has been in litigation since September 2005, and Plaintiffs have had numerous opportunities to state their claims against Defendants. Two courts in the Texas Litigation and this Court have found their demands unsupported in the law and their arguments unpersuasive. Moreover, it is clear Mr. and Mrs. Fogarty understand they have a right to appeal this Court's decision dismissing Defendants. (*See* Answer Mot. at 2, stating they "*cannot afford not to appeal and cannot give up, as it [is] their wish and request to only have their case tried in a court of law, as fighting injustice is the paramount concern of the Plaintiff's.*")

We find the Motion to Answer Order offers no basis for the

7

Court to reconsider its decision dismissing all claims against Defendants; consequently, the Motion filed at Docket No. 27 is denied.

B. <u>Motion to Answer to the Memorandum</u>

The Court concludes the motion filed at Docket No. 28 should also be considered under Rule 60(b)(6) inasmuch as Plaintiffs state that they

> *hereby respectfully request* [*the June 30, 2008*] *Memorandum be appealed as a given this reason, as challenge the basis in law, with it that has arise to the ORDER dated, Dismissing the Three Defendants mentioned with prejudice in the Western District of Pennsylvania.*

(Answer Memo. Mot. at 3.)

In this motion, Plaintiffs raise numerous interwoven arguments. In the interest of clarity, we have consolidated their arguments by topic.

    1. **Mistakes of Fact:** Plaintiffs argue that the Memorandum "*is chucked full of mistakes, inaccuracies, untruth's, and false statements and false facts.*" (Answer Memo. Mot. at 1.) As part of this argument, they claim most of the statements by Defendants' attorneys were submitted to "*mislead, or confuse and throw off track*" their claims, but they provide no examples of such statements. They argue that their *pro se* pleadings were not given special consideration, but again fail to point to any examples where the Court failed to liberally construe their pleadings.

Examples of "*false facts*" in the Memorandum Opinion include

8

the Court's statement that the accident on March 4, 1999, occurred in Adams County, Pennsylvania, rather than Westmoreland County. (Answer Memo. Mot. at 2.) The Court stands corrected; the New Stanton exit of the Pennsylvania Turnpike where the accident occurred is, in fact, located in Westmoreland County. Second, Mr. Fogarty takes exception to the Court's statement that when he left Cambridge, Ohio, that morning, he was "driving at what he perceived to be a safe speed." (Id.; see also Exhibit B thereto.) Third, Plaintiffs object to the Court's use of the term "Plaintiff" to refer only to Mr. Fogarty. (Id. at 3.) We conclude that the error in locating New Stanton, Pennsylvania, and the Court's use of descriptive terms which Plaintiffs find inaccurate are irrelevant at this point in the litigation since no questions of fact were before the Court when considering the motions to dismiss. These "false facts" therefore did not affect the legal analysis or the ultimate decision that Plaintiffs' claims were without merit. Therefore, we find no reason to alter the Order of June 30, 2008, despite these purported factual errors.

2. **Legal Errors**: Plaintiffs' first argument based on legal error is that the case cannot be dismissed because it has never been tried on the merits in a proper venue (Answer Memo. Mot. at 5-6), an argument which was addressed and rejected in the previous section discussing Docket No. 27.

Their second argument is that the Complaint cannot be

dismissed on the basis of claim preclusion (res judicata) for the same reason. (Answer Memo. Mot. at 2, *citing* Exhibit A thereto.) This argument reflects a serious misunderstanding of the law. One purpose of a motion to dismiss is to eliminate claims with no legal basis at an early point in the judicial process so that the financial resources and time of the court and of the parties are not wasted. McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606, 608 (3d Cir. 2000). As this Court pointed out, dismissal with prejudice of the claims against USA Truck and Levin by the U.S. District Court for the Northern District of Texas is the functional equivalent of dismissal on the merits. In layman's terms, the Texas court concluded that even if Defendants had done everything Plaintiffs alleged, the law provided them no relief. As further explained in the Memorandum Opinion, the doctrine of claim preclusion is designed to prevent an unsatisfied litigant from getting a second bite at the apple by raising the same claims against the same parties in a subsequent suit, which is exactly what Plaintiffs are attempting to do here. Fogarty, 2008 U.S. Dist. LEXIS 50270 at *16.

McConnell and Colecchia were the only Defendants to argue in Texas that venue was not appropriate, an argument which was accepted by the Texas Court. Dismissal of the claims against them was not, therefore, a decision on the merits, and Plaintiffs were free to restate those claims in a proper venue. When McConnell

moved to dismiss the claims against him in this case, however, the basis of his motion was not lack of proper venue, but failure to state a claim under Rule 12(b)(6). Because Plaintiffs' claims against McConnell were not barred by claim preclusion, they were considered by this Court but dismissed when we concluded they were without merit as a matter of law. See Fogarty, id. at *27-*30.

Third, Plaintiffs apparently take issue with the Court's interpretation and application of the standard of review to be applied in considering a motion to dismiss as set out by the U.S. Supreme Court in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). (Answer Memo. Mot. at 5.) If the Court has indeed misstated or misapplied the Twombly standard, such a legal error - as noted above - is a matter for appeal to and correction by the Third Circuit Court of Appeals rather than the subject of a motion under Fed.R.Civ.P. 60(b)(6).

Fourth, Plaintiffs argue that the Court's use of *"old"* and *"wrongly worded"* quotes from their original complaint in the Texas Litigation *"now only promotes injustice."* (Answer Memo. Mot. at 6-7.) As noted in Fogarty, 2008 U.S. Dist. LEXIS 50270 at *15, when considering a motion to dismiss, a court may take judicial notice of the record from a previous court proceeding between the parties. Plaintiffs point to no binding Third Circuit law which would lead to a different result. Again, if this is alleged to have been legal error, Plaintiffs will have the opportunity to raise this

11

issue on appeal.

Finally, Plaintiffs complain that the Court incorrectly concluded the three replies they filed in response to the motions to dismiss essentially reiterated the same arguments. As an example, they point out that Mrs. Fogarty's reply (Docket No. 18) raised the possibility of amending the Complaint to include claims against Robert Powell, the former CEO of USA Truck. (Answer Memo. Mot. at 4-5.) By using the phrase "essentially reiterated," the Court did not mean to imply that the three replies were identical, only that many of the issues addressed and arguments made were duplicated in all three. Moreover, contrary to Plaintiffs' argument that "*their individual views differed on the legalities and which Defendants needed to be dismissed,*" the similarities can be readily verified by comparing the three documents. The Court specifically addressed Mrs. Fogarty's putative motion to amend and dismissed it on the basis of claim preclusion and untimeliness. To the extent that the narrative on page 5 of the Motion attempts to re-state an argument for amending the Complaint to include claims against Mr. Powell, Plaintiffs have failed to identify any factual or legal error which would cause the Court to reconsider its decision to find the proposed amendment futile. Again, if Plaintiffs believe the Court committed legal error by denying their attempt to amend, the issue should be raised on appeal.

    3. **Sanctions:** Plaintiffs argue that the Court's "*most*

*horrific mistake"* is the statement that *"Defendants and their attorneys are not seeking any sanctions at this time."* (Answer Memo. Mot. at 7.) They claim that to the contrary, Colecchia's attorney has made such a statement. (Id., *citing* Exhibit C thereto.) The exact quotation from the June 30, 2008 Opinion is, "For the record, we note none of the Defendants has filed a motion for sanctions in this Court." Fogarty, id. at *32-*33. The private communication between Colecchia's attorney and Plaintiffs provided as Exhibit C is not a motion for sanctions, and a review of the docket in this matter shows that no such motion has been filed to date. Therefore, the Court's statement was, and still is, entirely accurate.

Plaintiffs also ask the Court to waive sanctions not only against them but against any attorney who may help them in the future. (Answer Memo. Mot. at 9; *see also* Exhibits D and E.[2]) While we decline to preemptively waive sanctions, thereby giving Plaintiffs and their attorney-to-be free rein to file potentially harassing or frivolous pleadings in this case, should any Defendant file a motion for sanctions under Fed.R.Civ.P. 11 in the future, Plaintiffs or their counsel will be allowed every opportunity to raise objections thereto.

---

[2] In a proposed order attached to the Motion, Plaintiffs seek *"total immunity from such sanctions by Defendants"* against any attorney wishing to represent them, although they *"except any and all sanctions against them, as their own personal responsibility."* (Answer Memo. Mot., Exhibit D.)

13

4. **Failure to Properly Serve Defendants**: Plaintiffs object to the Court's statement that USA Truck and McConnell were not properly served with the summons and Complaint in this matter. They also refer to Docket No. 26 in which they are *"again seeking to change the Certificate of Service for this proper venue."* (Answer Memo. Mot. at 3-4 and 9.) As we previously noted, Defendants waived the defense of insufficiency of service of process because it was not raised in their motion to dismiss. Fogarty, 2008 U.S. Dist. LEXIS 50270 at *8, n.4. Plaintiffs' argument on this point, set out in the margin,[3] is entirely incomprehensible to the Court, despite rigorous attempts to construe it in their favor as grounds for altering the Order of June 30, 2008.

5. **Pro Se Status**: Plaintiffs argue that Defendants have the advantage in this matter *"by arguing these proper rules of proper procedures, and obscure legal terms, and case law that has little or no bearing on such legal matters as is hereby expressed by the Plaintiffs."* (Answer Memo. Mot. at 7.) They also argue that the Texas Litigation was dismissed because they had not used

---

[3] *"Under the assumptions provided by the Defendants it was stated the USA Truck and Eric McConnell were not given proper summons, while this fact is true, the Plaintiff's answered this legal action to pursue their claims only after Defendants filed a challenged first. Plaintiff's Fogarty's upon this reply, so stated this intent to file and officiate Proper Service of Summons was acknowledged by the Defendants Motion to Dismiss Defendants USA Truck Inc., and Eric McConnell given their motion in our reply to their motion."* (Answer Memo. Mot. at 3-4.)

14

proper legal terms to state a claim for damages; that they are *"continuing victims of legal bullying of smart attorneys;"* that they have *"no idea of the workings of law"* [but] *can use only common sense to interpret the rule of law of proper procedures which* [they] *must be guided by;"* that their failure to date *"is the result of a keen conservative effort of 'all' the Defendants working together and collaboratively to overwhelm Plaintiffs;"* and that their *"legal action has been challenged at every step of the way by these Defendants' attorneys."* (Id. at 5, 7-9.)

An individual has a constitutional right to represent him- or herself in all phases of legal proceedings. However, inequality in legal knowledge, ability to argue the relevant law, and familiarity with judicial procedures must be expected when a plaintiff chooses to act *pro se* against a defendant represented by counsel; Plaintiffs acknowledged as much in their joint reply to the motions to dismiss. (*See* Docket No. 20 at 5-6.) This Court cannot cure substantive defects in Plaintiffs' case or excuse their failures to comply with the Federal Rules of Civil Procedure or to state a claim for relief even under the most liberal construction of their pleadings. *See* Sperrazza v. Univ. of Md., CA No. 07-792, 2008 U.S. Dist. LEXIS 23365, *2-*3 (E.D. Pa. Mar. 24, 2008), citing cases.

"Rule 60(b)(6) does not provide relief for 'calculated and deliberate' litigation choices which, in hindsight, were erroneous." Greenwich Ins. Co. v. Goff Group, Inc., No. 04-3096,

15

2005 U.S. App. LEXIS 28155, *5 (3d Cir. Dec. 19, 2005), *citing* Ackermann v. United States, 340 U.S. 193, 198 (1950). The fact that Plaintiffs may have been disadvantaged by their choice to represent themselves is not grounds for the Court to reconsider its decision to dismiss the claims against Defendants.

      6. **Motion to "Release" Colecchia:** Plaintiffs *"again respectfully asserts this legal failure is the result of a keen conservative effort of 'all' Defendants working together and collaboratively to overwhelm Plaintiffs'."* Consequently, they *"hereby respectfully asked this Honorable Court to release Defendant David A. Colecchia with prejudice, as along with the other Defendants, see Exhibit D."* (Answer Memo. Mot. at 8.) Exhibit D is a proposed order stating in part *"it is herby ORDERED as follows: 1) Herein by Defendant David A. Colecchia is granted in its entirety and Plaintiffs' claims DISMISSED WITH PREJUDICE."*

Plaintiff's motion to dismiss the claims against Defendant Colecchia will be granted. In all other regards, the Motion pending at Docket No. 28 will be denied.

    C.  <u>Motion to Change the Certificate of Service Requirement</u>

In the sections above, the Court declined to alter or amend the Order of June 30, 2008, dismissing with prejudice all claims against Defendants USA Truck, McConnell, and Levin; we also granted Plaintiffs' motion to dismiss the claims against Colecchia with prejudice. Therefore, all Defendants have been dismissed from

16

this matter and the case will be closed. Consequently, the Motion pending at Docket No. 26 is denied as moot.

An appropriate Order follows.

*William L. Standish*
William L. Standish
United States District Judge

Date: July 24, 2008

cc: Michael Fogarty
1005 Morrison Dr.
Mesquite, TX 75150

Dorothy Fogarty
1005 Morrison Dr.
Mesquite, TX 75150

James F. Ryan, Esq.
Schwabenland & Ryan
995 Old Eagle School Road
Suite 306
Wayne, PA 19087

Eric M. Jaegers, Esq.
Gordon & Rees LLP
2100 Ross Avenue
Suite 2800
Dallas, TX 75201

David A. Colecchia, Esq.
542 Hamel Avenue
Greensburg, PA 15601